# EXHIBIT A

THE GRAVES FIRM
ALLEN GRAVES (SB#204580)
allen@gravesfirm.com
JACQUELINE TREU (SB#247927)
jacqueline@gravesfirm.com
122 N. Baldwin Ave., Main Floor
Sierra Madre, CA 91024
Telephone: (626) 240-0575
Facsimile: (626) 737-7013

Attorneys for Plaintiff
Nazanin Tehrani

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 1 4 2015

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| Nazanin Tehrani, an individual, appearing on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Macy's West Stores, Inc. and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. **BC591480**<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. Failure to Reimburse Employee Business Expenses in Violation of Labor Code §2802; and<br><br>2. Violation of Business and Professions Code §17200 *et seq.* against all Defendants.<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Nazanin Tehrani ("Tehrani" or "Plaintiff") alleges as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint to recover amounts that are owed to her, other past and present Sales Managers, and the State of California as a result of Defendant Macy's West Stores, Inc.'s (hereinafter "Macy's" or "Defendant") failure to reimburse its California Sales Managers for the costs of electronic equipment and services the employees were required to purchase to perform their job duties, in violation of Labor Code §2802.

2. Plaintiff brings this action as both a representative action pursuant to Labor Code §2699 *et seq.*, and on behalf of herself and a class of current and former Macy's employees pursuant to California Code of Civil Procedure §382. The class includes all individuals who have worked for Defendant as a Sales Manager in California at any time since the date four years prior to the filing of the instant case.

3. The Sales Manager position is also sometimes referred to by Defendant as "Selling Manager," "Cosmetics Manager," "Merchandise Team Manager," "Team Manager" or "Department Manager." In this Complaint, the term "Sales Manager" is used to refer to any position described by any of these titles.

4. Plaintiff's class claims are limited to claims for unreimbursed expenses. All claims for penalties are brought exclusively as a Private Attorney General.

## THE PARTIES

5. Tehrani is a citizen of the United States and a resident of Los Angeles County, California. From early 2010 until October 6, 2014, Macy's employed Tehrani in Los Angeles County, California as a Sales Manager.

6. Macy's is a corporation organized under the laws of the State of Ohio that operates retail establishments throughout California.

-1-
COMPLAINT AND DEMAND FOR JURY TRIAL

7. Plaintiff is currently unaware of the true names and capacities of the Defendants sued herein as Does 1 through 10 (the "Doe Defendants") and therefore sues the Doe Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the Doe Defendants when they are ascertained.

8. Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of the named Defendant, and of each other; that the named Defendant and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to Plaintiff to the extent of the liability of the named Defendant as alleged herein.

9. Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, all of the Defendants are a single employer.

10. Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, each of the Defendants was the agent, servant and/or employee of each of the other Defendants and in connection with the matters hereinafter alleged, was acting within the scope of such agency and employment, and each Defendant ratified each and every act, omission and thing done by each and every other Defendant herein.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction in this action because: Defendant committed wrongful acts against the Plaintiff in Los Angeles County; because Defendant resides in this jurisdiction; and because service was effected on Defendant while such Defendant was voluntarily present in California.

12. Venue is proper under California Code of Civil Procedure §395.5, as it is the county where liability against Macy's arises.

## LABOR CODE §2699

13. Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 12 hereof, inclusive.

14. California Labor Code §2699 *et seq.* authorizes Plaintiff to recover civil penalties on behalf of herself, the State of California, and all other Macy's Sales Managers who have been employed in California for each Labor Code violation described herein.

15. Plaintiff hereby seeks to recover civil penalties for each Labor Code violation described herein on behalf of herself, the State of California, and all other Macy's Sales Managers who have been employed in California pursuant to California Labor Code §2699 *et seq.*

16. Pursuant to California Labor Code §2699.3, on March 6, 2015, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency, and the employer, of the specific provisions of the code alleged to be violated in this Complaint, including the facts and theories to support the alleged violation.

17. More than 33 days have passed since Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency and the employer. The Labor and Workforce Development Agency has not provided any notice of intent to investigate any of the alleged violations.

## COMMON ALLEGATIONS

18. Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 17 hereof, inclusive.

19. Macy's owns and operates retail establishments throughout the State of California, which sell a variety of items, including clothing, cosmetics and housewares.

20. Macy's employs multiple Sales Managers at each of its California retail locations.

21. All Sales Managers at Macy's are subject to a common policy requiring Sales Managers to own and maintain cell phones for use in conducting their duties.

22. At all times relevant hereto, Macy's has required all of its Sales Managers to be available by personal cell phone to both their subordinates and superiors both during and outside of their scheduled work hours.

23. Beginning on or around May 2014, all Sales Managers at Macy's were and are subject to a common policy requiring them to purchase electronic tablets, such as iPads, and use these tablets in order to conduct their employment duties.

24. At all times relevant hereto, Macy's has refused to reimburse Sales Managers in California for costs incurred in purchasing and operating these cell phones and electronic tablets.

## FIRST CAUSE OF ACTION

### (Failure to Reimburse Employee Expenses)

25. Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 24 hereof, inclusive.

26. At all times relevant hereto, Labor Code §2802 has required Defendant to reimburse all employees for necessary expenditures incurred by the employee in the direct consequence of the discharge of his or her duties or of his or her obedience to the directions of the employer.

27. At all times relevant hereto, Macy's required every Sales Manager to own and maintain a cell phone in order to be available to take work related calls 24 hours per day and 7 days per week.

28. At all times relevant hereto, Macy's maintained a policy and uniform practice of both contacting Sales Managers on their cell phones and requiring Sales Managers to use their cell phone to contact Macy's employees and executives.

29. At all times relevant hereto, Macy's maintained a uniform policy of refusing to pay for any of the costs associated with the cell phone that each Sales Manager was required to maintain.

30. Beginning in or around May 2014, Macy's directed every Sales Manager to use a software application named "MyStore," in conjunction with coaching and discipline of subordinates. Sales Managers were also required to use the MyStore app to track, record and otherwise manage the coaching and discipline process.

31. Every Sales Manager was required to install the MyStore app on at least one device, and the Sales Manager was required to provide the device.

32. Due to the software design of the MyStore App, it was impossible to operate the MyStore App effectively on a cellular telephone. Macy's was aware of this limitation of the MyStore App, and purchased iPad electronic tablets for its Store Managers so that its Store Managers could operate the MyStore App.

33. Macy's did not provide any hardware to its Sales Managers on which they could run the MyStore App, nor did Macy's offer to provide such hardware.

34. Because Macy's required Sales Managers to use the MyStore App as part of their day-to-day duties, the Sales Managers were forced to purchase electronic tablets in order to operate the MyStore App.

35. At all times relevant hereto, Macy's maintained a uniform policy of refusing to pay for any of the costs associated with the electronic tablets that each Sales Manager was required to purchase and maintain.

## SECOND CAUSE OF ACTION

(Violation of Business and

Professions Code §17200 *et seq.* Against All Defendants)

36. Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 35 hereof, inclusive.

37. The conduct described in the first cause of action constitutes an unfair business practice.

38. Plaintiff has suffered injury in fact and lost money and/or property as a result of such unfair competition, in the form of amounts expended on purchasing cellular phones, purchasing electronic tablets, and purchasing service plans for these devices.

39. By deliberately failing to reimburse its employees for necessary expenditures incurred by the employees in the direct consequence of the discharge of their duties, Macy's avoided substantial expenses and thereby enriched itself at the expense of its employees.

40. Plaintiff seeks full restitution from Macy's to restore any and all monies withheld, acquired and/or converted by Macy's by means of the unfair practices complained of herein.

41. Plaintiff further seeks the issuance of a preliminary and permanent injunction prohibiting Macy's from further engaging in the conduct described herein.

## CLASS ACTION ALLEGATIONS

42. Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 41 hereof, inclusive.

43. Macy's employs over 150 Sales Managers in California.

44. Plaintiff is informed and believes, and thereon alleges, that all Macy's Sales Managers in California have been subject to Macy's violations of the California Labor Code described herein.

45. Plaintiff is informed and believes, and thereon alleges, that Plaintiff has been subject to the exact same violations of the California Labor Code described herein as all other Sales Managers in California.

46. Plaintiff has agreed to fairly and adequately represent the rights of the class.

47. Plaintiff has the means to fairly and adequately represent the rights of the class.

48. Plaintiff is informed and believes, and thereon alleges, that her claims are typical of the class.

49. Plaintiff is informed and believes, and thereon alleges, that common questions of law and fact predominate with regard to all class claims.

50. Plaintiff is informed and believes, and thereon alleges, that a class action is superior to all other available means of resolving the class members' claims.

51. Plaintiff is informed and believes, and thereon alleges, that treatment of the instant claims as a class action will accrue substantial benefits to the litigants, the class, the public, and the courts.

52. The total value of Plaintiff's individual claims is less than $75,000. The total amount in controversy in all of the claims exclusive of penalties that Plaintiff seeks to collect under the Private Attorney General Act is less than $5,000,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Macy's and Does 1 through 10, inclusive, and each of them, as follows:

**ON THE FIRST CAUSE OF ACTION:**

1. For damages according to proof;
2. For restitution of unpaid employee business expenses;
3. For temporary, preliminary and permanent injunctive relief against Defendant's ongoing violations of the Labor Code specifically requiring that Defendant either discontinue its policy of requiring employees to use personal phones and tablets for work or compensate employees for the cost of these devices and the charges associated with them;
4. For civil penalties pursuant to Labor Code §2699(f);
5. For attorney fees and costs reasonably incurred, in accordance with California Labor Code §§218.5, 2802, 1194, and California Code of Civil Procedure §1021.5; and

-7-

6. For interest pursuant to Labor Code §§2802, 218.6 and 1194, and Civil Code §3287.

**ON THE SECOND CAUSE OF ACTION:**

1. For temporary, preliminary and permanent injunctive relief against Defendant's ongoing violations of the Labor Code;
2. For disgorgement of Defendant's ill-gotten gains and other relief that may be necessary to remedy Defendant's misconduct;
3. For restitution of payments unlawfully withheld;
4. For attorney fees and costs reasonably incurred pursuant to California Code of Civil Procedure §1021.5; and
5. For interest pursuant to Civil Code §3287.

**ON ALL CAUSES OF ACTION:**

1. For costs of suit, to the extent not otherwise prayed for above;
2. For attorney fees to the extent not otherwise prayed for above;
3. For interest on damages recoverable; and
4. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

DATED: August 13, 2015          THE GRAVES FIRM

By: _____
JACQUELINE TREU
Attorney for Plaintiff
Nazanin Tehrani