UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-07286 JAK (Ex) | Date | April 18, 2016 |
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 14)   JS-6**

**I.    Introduction**

On August 14, 2015, Nazanin Tehrani ("Plaintiff") brought this putative class action in the Los Angeles Superior Court against Macy's West Stores, Inc. ("Macy's" or "Defendant") and Does 1-10. Complaint, Dkt. 1-1. The Complaint advances two causes of action: (i) failure to reimburse employee business expenses in violation of Cal. Lab. Code § 2802; and (ii) violation of Cal. Bus. & Prof. Code §§ 17200 *et seq*. On September 16, 2015, Defendant removed this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Dkt. 1. Plaintiff has moved to remand the action to the Superior Court ("Motion"). Dkt. 14. Defendant responded (("Opposition"), Dkt. 27) and Plaintiff replied (("Reply"), Dkt. 28).

Defendant contends that removal is proper under CAFA because the proposed class membership exceeds 100 members,[1] minimal diversity of citizenship exists[2] and the aggregated amount in controversy exceeds $5 Million. Plaintiff does not dispute either minimal diversity or the number of members of the putative class. However, she contends that Defendant has failed to prove that the amount in controversy exceeds $5 Million.

A hearing on the Motion was held on March 21, 2016, and it was then taken under submission. Dkt. 29. For the reasons stated in this Order, the Motion is **GRANTED**. This case is remanded

---

[1] The alleged class exceeds 150 Sales Managers. Complaint ¶ 43, Dkt. 1-1. Defendant alleges that the class may have more than 2000 members. Notice of Removal, Dkt. 1 at 3. Plaintiff does not contest that Defendant meets this requirement for removal under CAFA.
[2] Plaintiff alleges that she is a citizen of California. Complaint ¶ 5, Dkt. 1-1. Defendant states that it is a citizen of either Ohio or New York. Notice of Removal, Dkt. 1 at 4-5; Decl. of Linda Balicki, Dkt. 1-17. Plaintiff does not contest that Defendant meets this requirement for removal under CAFA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07286 JAK (Ex) | | Date | April 18, 2016 |
|---|---|---|---|---|
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | | |

to the Los Angeles Superior Court at its Stanley Mosk Courthouse. The hearing on Defendant's Motion to Compel Arbitration and Dismiss, or Alternatively, Stay Civil Proceeding, scheduled for April 25, 2016, is vacated, without prejudice to that issue being presented to the Superior Court following remand.

**II.     Factual Background**

       A.     The Allegations in the Complaint

Plaintiff is a former sales manager at Macy's. The Complaint alleges that she was a salaried, exempt employee and that Macy's required her to do the following: (i) use a personal cell phone to respond to work-related calls and e-mails outside of business hours and to be available to do so "24 hours per day and 7 days per week;" and (ii) beginning on or around May 2014, to buy or provide a tablet computer to use an application called "MyStore" to track and record employee coaching and discipline. Complaint ¶¶ 21-23, 27, Dkt. 1-1; Motion, Dkt. 14-1 at 6.[3] The Complaint also alleges that Macy's had a uniform policy of refusing to reimburse its Sales Managers in California, including Plaintiff, "for costs incurred in purchasing and operating these cell phones and electronic tablets." Complaint ¶¶ 24, 34, Dkt. 1-1.

Consequently, in this action, Plaintiff seeks to recover such costs on behalf of a proposed class of "all individuals who have worked for Defendant as a Sales Manager in California at any time since the date four years prior to the filing of the instant case." *Id.* ¶ 2. She also advances claims pursuant to the Private Attorney General Act, Cal. Lab. Code § 2698, *et seq.* ("PAGA") based on these same alleged violations.

The Complaint also alleges that, pursuant to Cal. Lab. Code § 2699.3, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Macy's of the alleged Labor Code violation. *Id.* ¶ 16. It also alleges that more than 33 days have passed since such notice was provided, and that the LWDA has not given notice of intent to investigate the violations. *Id.* ¶ 17.

The Complaint seeks damages, restitution, disgorgement and injunctive relief under the Labor Code, civil penalties pursuant to Labor Code §2699(f), attorney's fees and costs and interest. The Complaint alleges that "[t]he total value of Plaintiff's individual claims is less than $75,000.

---

[3] The Complaint alleges that, due to the software design of the MyStore application, it could not function effectively on a cellular phone. Complaint ¶ 31, Dkt. 1-1. The Complaint also alleges that Macy's was aware of this limitation and for this reason purchased iPad electronic tablets for Store Managers, but not for Sales Managers. *Id.* The Complaint then alleges, "[b]ecause Macy's required Sales Managers to use the MyStore App as part of their day-to-day duties, the Sales Managers were forced to purchase electronic tablets in order to operate the MyStore App." *Id.* ¶ 34.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07286 JAK (Ex) | Date | April 18, 2016 |
|---|---|---|---|
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | |

The total amount in controversy in all of the claims exclusive of penalties that Plaintiff seeks to collect under the Private Attorney General Act is less than $5,000,000." *Id.* ¶ 52.

    B.    <u>Defendant's Calculations of the Amount in Controversy</u>

        1.    Damages

The following tables summarize the bases for Defendant's position that the amount of damages in controversy exceeds $4.4 Million.

Costs of Cell Phone Service

| Year | Number of Employees | Cost Per Month | Total Potential Reimbursement |
|---|---|---|---|
| 2011 (08/11- 12/11) | 1062 | $46.11 | $244,844.10 |
| 2012 (01/12 -12/12) | 1090 | $48.99 | $640,789.20 |
| 2013 (01/13- 12/13) | 1084 | $48.99 | $637,261.92 |
| 2014 (01/14- 12/14) | 1105 | $46.99 | $623,087.40 |
| 2015 (01/15- 09/15) | 1036 | $46.99 | $438,134.76 |
| | | Total Cell Phone Service Costs | $2,584,117.38 |

Costs of Tablets

| Number of Employees | Cost of iPad Mini | Total Cost of Devices |
|---|---|---|
| 1421 (5/14- 9/15) | $529 | $751,709 |

Costs of Tablet Service

| Months | Number of Employees | Cost of Service Per Month | Total Cost of Service on iPads |
|---|---|---|---|
| 16 months (05/14 – 09/15) | 1421 | $46.99 | $1,068,364.64 |

        **Total Claimed Damages $4,404,191.02**

The bases for these calculations include the following:

➢ Plaintiff has requested full reimbursement for the "cellular phones, purchasing electronic tablets, and purchasing service plans for these devices." Complaint ¶ 38, Dkt 1-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-07286 JAK (Ex) | Date | April 18, 2016 |
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | |

- The CTIA-The Wireless Association, which is a trade organization composed of members of the wireless communications industry, provides monthly cost data as to revenue per device, which "remains the best such measure currently used by industry and financial analysts." Notice of Removal Ex. E, Dkt. 1-6 at 3. Defendant uses these monthly average revenue per unit figures to determine the associated cost of service for the devices at issue in this case. Notice of Removal Ex. F, Dkt. 1-15 at 3.
- Plaintiff's putative class seeks reimbursement of certain cell phone costs incurred during a four-year period, *i.e.*, four years prior to August 2015, when the Complaint was filed; the putative class also seeks reimbursement for certain costs associated with tablets from May 2014 forward. Complaint ¶ 30, Dkt. 1-1.
- The Notice of Removal attached information regarding wireless service plans, as well as declarations by Darlene Kauti (Ex. G) and Linda Balicki (Ex. H). Kauti is a Human Resources, Financial and Associate Systems Specialist with Macy's Systems & Technology, which manages information technology systems. Notice of Removal Ex. G ¶ 2, Dkt. 1-16. Kauti declares that, in light of the staffing at Macy's, the term "sales manager" as used in the Complaint includes a "selling manager," "cosmetics manager," "merchandise team manager," "team manager" or "department manager." Complaint ¶ 3, Dkt. 1-1. From this Kauti provides the following information:

    - During the period from August 4, 2011 to date, 2,080 such individuals were employed by Macy's within the state of California. Notice of Removal Ex. G ¶ 5, Dkt. 1-16.
    - On August 14, 2011, 1,062 such individuals were employed by Macy's within the state of California. *Id.* ¶ 6.
    - On January 1, 2012, 1,090 such individuals were employed by Macy's within the state of California. *Id.* ¶ 7.
    - On January 1, 2013, 1,084 such individuals were employed by Macy's within the state of California. *Id.* ¶ 8.
    - On January 1, 2014, 1,105 such individuals were employed by Macy's within the state of California. *Id.* ¶ 9.
    - On January 1, 2015, 1,036 such individuals were employed by Macy's within the state of California. *Id.* ¶ 10.
    - In May 2014, 1,421 such individuals were in the employed by Macy's within the state of California. *Id.* ¶ 12.

    2.  Amount at Issue Due to the Request for Injunctive Relief

Macy's argues that "[t]he 'value' of injunctive relief is determined by calculating the defendant's costs of compliance: 'where the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes.'" *Rodgers v. Cent. Locating Serv.*, 412 F. Supp. 2d 1171, 1179-80 (W.D. Wash. 2006) (quoting *In re Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001)). It argues that any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07286 JAK (Ex) | Date | April 18, 2016 |
|---|---|---|---|
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | |

mandatory injunction entered in this action would necessarily impose associated, future costs. For example, Defendant contends that "[a]t a conservative estimate of 1,000 employees at $46.99/monthly for each cell phone and tablet, the approximate cost of compliance would total $93,980 monthly and $1,127,760 annually." Notice of Removal , Dkt. 1 at 11. However, Macy's has not included this figure in its calculation of the amount in controversy. Therefore, it is not addressed in this Order.[4]

### 3. Attorneys' Fees

Macy's next argues that, pursuant to Cal. Lab. Code §2802(c), a prevailing party on a claim arising under that statute is entitled to the recovery of attorneys' fees. Macy's then asserts that the fees "reasonably . . . anticipated at the time of removal" should be included to determine the amount in controversy. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). *See, e.g.*, *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 2:15-CV-04035-CAS (JEMx), 2015 WL 4554336, at *3 (C.D. Cal. July 27, 2015) (an amount in controversy determination should include a "conservative estimate of attorneys' fees likely to be incurred through the conclusion of this case"); *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'").

Macy's argues that it is common to expect a request for attorney's fees in an amount that is approximately 25% of the amount of damages that is recovered. *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("This Circuit has established 25% of the common fund as a benchmark award for attorney fees"). Assuming potential damages of $4,404,191.02, Macy's argues that it is reasonable to conclude that attorneys' fees of $1,101,047.76 are also at issue.

### 4. Total Amount at Issue

Macy's adds the damages figure ($4.404 Million (rounded)) and the Attorney's Fees figure ($1.101 Million (rounded)) and asserts that the total at issue here is $5.505 Million (rounded), which exceeds the minimum jurisdictional amount under CAFA.

---

[4] If an injunction were to require Macy's to comply with a governing statute, an issue would be presented as to whether the resulting costs should be deemed part of the amount in controversy. *See Lopez v. Source Interlink Companies, Inc.*, No. 2:12-CV-00003-JAM, 2012 WL 1131543, at *5 (E.D. Cal. Mar. 29, 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-07286 JAK (Ex) | Date | April 18, 2016 |
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | |

  C.  Plaintiff's Position on the Amount in Controversy

    1.  Evidence Offered by Plaintiff

      a.  Declaration of Allen Graves

Graves is counsel to Plaintiff. In his declaration he states that, on November 16, 2015, he wrote to Macy's counsel to request that Macy's include in its initial Rule 16 disclosures information about the employment and leave dates for its California Sales Managers for the time period at issue in this case. Graves states that he did so to facilitate an accurate calculation of the actual number of months worked by these Sales Managers during the relevant time period. Decl. of Allen Graves ¶ 4, Dkt. 14-2. According to Graves, Macy's did not provide this information in its initial disclosures. *Id.* ¶ 5.

As to attorney's fees, Graves states that the total value of all time billed by Plaintiff's lawyers as of the time of removal is less than $9500. *Id.* ¶ 7. Plaintiff provides the following hourly rates for those who billed that time:

| Name | Position | Rate |
|---|---|---|
| Allen Graves | Attorney | $610/hour |
| Jacqueline Treu | Attorney | $425/hour |
| Jennifer Rex | Paralegal | $185/hour |
| Kevin Karr | Paralegal | $185/hour |

      b.  Plaintiff's Declaration

In Plaintiff's declaration she states that she is not seeking reimbursement for the cost of data plans related to tablet computers. She explains that, because Macy's has a Wi-Fi network at its stores that Sales Managers used with their tablets, they did not need to have separate data plans. Decl. of Nazanin Tehrani ¶ 1, Dkt. 28-2. Plaintiff also states that she is not seeking payment for 100% of the cost of cellular telephones. *Id.* ¶ 2. She states that when she worked at Macy's, less than 80% of her cellphone usage was work-related, and that she believes that the same percentage applied to other Sales Managers. *Id.*

      c.  Request for Judicial Notice

Plaintiff requests judicial notice of portions of the webpages of Verizon Wireless, Sprint and AT&T. Request for Judicial Notice Ex. 1-3, Dkt. 14-3. These websites state prices for cellular and tablet plans. Plaintiff argues that judicial notice is appropriate pursuant to Fed. R. Evid. 201(b)(2) because the documents are publicly accessible on the Internet. She refers to other cases in the Central District that applied this rationale. *E.g., Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965-966 (C.D. Cal. 2005); *Cruz v. Anheuser-Busch, LLC,* 2015 WL 3561536, at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-07286 JAK (Ex) | Date | April 18, 2016 |
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | |

*8 n.13 (C.D. Cal. June 3, 2015) (taking judicial notice of information "readily available" on webpages).

Plaintiff also seeks judicial notice of printout from a download from Amazon.com as of February 22, 2016. It shows the sales prices for the Apple iPad mini equipped with hardware for a cellular data plan. Supplemental Request for Judicial Notice, Dkt. 28-1, Ex. 1. Plaintiff also seeks judicial notice that the Apple iPad mini was offered for sale at $529 during 2012. However, this price applied to tablet models that were equipped for Wi-Fi, but not cellular data. In support of this position, Plaintiff offers a Wikipedia article about the Apple iPad (Ex. 2) and a website comparing iPad model prices (Ex. 3). *See* Dkt. 28-1 at 2-3 (citing *Beck v. Peninsula Fire Dist.*, 2014 WL 1616420 (E.D. Cal. Apr. 16, 2014); *Io Group, Inc. v. Veoh Networks, Inc.*, 586 F. Supp. 2d 1132, 1145 n.8 (N.D. Cal. 2008) (information found in Wikipedia is a proper subject of judicial notice where the facts in question are not subject to reasonable dispute)).

      2.      Plaintiff's Calculation of the Amount in Controversy

The following table summarizes Plaintiff's position as to the amount placed in controversy by the Complaint, with the parallel figures presented by Macy's as well as the reasons for the variations:

| Category | Defendant's Value | Plaintiff's Value | Adjustments Made |
|---|---|---|---|
| Cell Phone Service | $2,584,117.38 | $2,028,236.12 | Removing partial months outside liability period; using 80% instead of 100% business phone usage |
| Tablet Purchase | $751,709.00 | $751,709.00 | |
| Tablet Services | $1,068,364.64 | $227,360 | Tablet data plans are unnecessary; Defendant does not explain the basis for the $227,360 figure |
| Attorneys' Fees | $1,101,047.76 | $761,590.736 | Assuming fees of 25% of damages |
| Total | $5,505,238.78 | $3,807,953.63 | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07286 JAK (Ex) | Date | April 18, 2016 |
|---|---|---|---|
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | |

### III.    Analysis

      A.    Legal Standard for Motion to Remand

CAFA provides federal jurisdiction over certain class actions as defined in § 1332(d)(1). The statute requires the following jurisdictional elements: (i) the class has more than 100 members; (ii) the parties are minimally diverse; and (iii) the amount in controversy exceeds $5 Million. The amount in controversy is simply an "estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

"In determining the amount in controversy, courts first look to the complaint. Generally, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (internal quotations omitted). "Whether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." *Id.* "[T]his rule is not altered even if plaintiffs affirmatively contend in their complaint that damages do not exceed $5 million" as a plaintiff cannot bind the absent class to stipulations to amounts at issue that fall below the CAFA jurisdictional requirements. *Id.*; *Standard Fire Ins. Co. v. Knowles,* 133 S. Ct. 1345, 1347 (2013).

A notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Owens*, 135 S.Ct. at 554. If a plaintiff contests the basis for removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 550. The "defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996) (internal quotation marks omitted).

The parties may submit evidence outside the complaint, including affidavits or declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra*, 775 F.3d at 1197 (citing *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir.1997)); *accord Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("*Standard Fire* instructs courts to look beyond the complaint to determine whether the putative class action meets the jurisdictional requirements."); *Lewis*, 627 F.3d at 400 ("The law in our circuit is articulated a little differently from that of others, in that we expressly contemplate the district court's consideration of some evidentiary record.").

Under this standard, a removing defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07286 JAK (Ex) | Date | April 18, 2016 |
|---|---|---|---|
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | |

05 (E.D. Cal. 2008) (internal quotations omitted); *accord Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *6 (C.D. Cal. May 9, 2011) (citing *Lewis*, 627 F.3d at 397) ("To satisfy its burden in this case, the removing defendant . . . supplied an affidavit to show that the potential damages could exceed the jurisdictional amount. We conclude that this showing satisfies Verizon's burden.")). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197.

"CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198. "As with other important areas of our law, evidence may be direct or circumstantial. In either event, a damages assessment may require a chain of reasoning that includes assumptions. When that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* at 1199.

"Under the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." *Id.*

    B.    Application

        1.    <u>Whether Macy's Calculations Are Reasonable</u>

            a.  The Months Worked by Putative Class Members

Plaintiff argues that "[r]ather than examining the start date and end dates of employment for each Sales Manager during the Liability Period, Defendant counts the total number of individuals who held a Sales Manager position on the first day of each year of the Liability Period and assumes that each individual worked every single month of that year." Motion, Dkt. 14-1 at 10. In Kauti's declaration, which Macy's has presented, she states that she has "ascertained that on the date January 1, 2012, 1,090 such individuals were in the employ of Defendant within the state of California." Decl. of Darlene Kauti ¶ 7, Dkt. 1-16 at 2. Macy's used this number and multiplied it by 12 months, thereby assuming that those individuals worked every month for the rest of the year.

Plaintiff contests the reasonableness of this assumption. She argues that, between January 1, 2014 and January 1, 2015, the total number of Sales Managers in California went from 1,105 to 1,036. Dkt. 1 at 10. Furthermore, Plaintiff contends that Macy's calculation ignores vacation and leave time. For these reasons, Plaintiff argues that this estimate overstates the amount in controversy. *See Blevins v. Republic Refrigeration, Inc.*, No. CV 15-04019, 2015 U.S. Dist. LEXIS 130521, 40-41 (C.D. Cal. Sept. 28, 2015) (defendant's estimate of the amount in controversy in a wage case was "not reliable" where defendant failed to determine the length of time for which each employee in the putative class was actually employed). Plaintiff states that she is unable to calculate an accurate value, because Macy's has declined to disclose the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07286 JAK (Ex) | Date | April 18, 2016 |
|---|---|---|---|
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | |

employment and leave dates of each of its Sales Managers in its initial disclosures. Decl. of Allen Graves ¶¶ 4-5, Dkt. 14-2.

Plaintiff also notes that Macy's calculation applies the entire months of August 2011 and September 2015. However, the class is defined as those who worked from August 14, 2015 to September 16, 2015.

Macy's responds that its estimates are reasonable given the size of the putative class and the limited window of time available for removal. Opposition, Dkt. 27 at 10. At the hearing, Defendant's counsel also defended these assumptions by contending that any data plan purchased by an employee would be at minimum an annual plan, and that in this action such employees were was seeking full reimbursement for those plans, whether or not they worked for the entire applicable years when such plans were in place.

Defendant has failed to show its assumptions with respect to cell phone service are reasonable. Macy's has access to records regarding how many Sales Managers worked for it and for how long each worked, and yet Macy's chose to overestimate the number of Sales Managers in its employer and the months those managers worked. *Blevins*, 2015 U.S. Dist. LEXIS 130521 is instructive. In that case, the Court noted the failure of defendant to make reasonable assumptions given the information in its possession, and concluded that the defendant failed to satisfy the amount in controversy requirement by a preponderance of the evidence. The Court explained,

> With respect to its calculations concerning the amount in controversy on the alleged meal period, rest break, and overtime violations, Republic fails to account for the fact that some employees worked for less than the entire class period . . . . Second, Republic does not proffer evidence that all class members worked full time rather than part-time. As a result, there is no logical or evidentiary support for Republic's assumption that all 201 class members worked full time for the entire class period. Certainly, no allegations in the complaint support or give rise to such an inference. To do a credible job of estimating class damages, Republic should, at a minimum, have disclosed what percentage of its employees worked full time rather than part-time during the class period. It should also have determined how many employees resigned or were terminated during the class period. While this information would not have produced an exact estimate of the amount in controversy, it would have yielded a number that was substantially more reliable than the number based on Republic's assumption that all 201 class members worked full time for the entire four-year period.

*Id.* at 33-34. Thus, "Republic's estimates of the amount in controversy on the meal period/rest break, overtime and wage statement claims are not reliable because Republic failed to determine how many of the 201 individuals who worked for it at some point during the four years preceding the filing of this lawsuit were employed for the entire four years, and how many were employed for only a portion of that time. It has also failed to provide information as to how many

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07286 JAK (Ex) | Date | April 18, 2016 |
|---|---|---|---|
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | |

of the 201 individuals were employed full time as opposed to part-time." *Id.* at 40. The defendant made "unfounded assumptions" and "fail[ed] to take into account any vacation time employees were entitled to take . . . ." *Id.* at 46.

Thus, "[a] declaration stating the number of employees who worked for Defendant during the years prior to this action, together with assumptions about these employees, is not sufficient to establish that it is more likely than not that the amount in controversy in this case exceeds $5 Million." *Ornelas v. Children's Place Retail Stores, Inc.*, No. LA CV13-02226 JAK, 2013 WL 2468388, at *4 (C.D. Cal. June 5, 2013). Defendant "could have obtained additional information regarding its current and former employees, *i.e.*, the average period of employment, the average length of a shift, and the average number of wage statements." *Ornelas*, 2013 WL 2468388, at *4 (citing *Roth v. Comerica Bank,* 799 F. Supp. 2d 1107, 1130 (C.D. Cal. 2010) ("Here, defendants are in the best position to adduce evidence regarding the working hours and wages of their tellers. In support of their notice of removal, defendants could have proffered evidence regarding CMC's actual policies or practices. They could have conducted a sampling or other analysis demonstrating that it was more likely than not that many of their employees regularly worked more than eight hours in a day or forty hours in a week to support calculations regarding potential overtime claims. Adducing such evidence would not have required defendants to prove Roth's case or answer the 'ultimate question' presented by the litigation. Defendants, however, failed [to] proffer evidence supporting their calculations regarding the amount in controversy."). *See also Carranza v. Nordstrom, Inc.*, No. EDCV1401699MMMDTBX, 2014 WL 10537816, at *10 (C.D. Cal. Dec. 12, 2014) (declining to consider an employer's estimated amounts in determining whether damages meet the minimum CAFA threshold due to unfounded assumptions using a similar analysis). "Instead, Defendant provided the Court with evidence only about the potential size of the class and relied on several unsupported assumptions to claim that the jurisdictional threshold has been met." *Ornelas*, 2013 WL 2468388, at *4. By assuming that the same number of employees worked throughout the year and that those employees worked consistently on the same days throughout the year, when Macy's had access to the accurate numbers, Macy's has made an assumption "not grounded in real evidence." *Ibarra*, 775 F.3d at 1199.

At the hearing, Defendant argued that it had assumed cell phone contracts were annual, and thus putative class members would seek reimbursement for the cost of a year's worth of service, whether or not such putative class member worked for Macy's during the entirety of the contract period. However, Defendant presented no evidence that cell phones contracts must be annual or that putative class members entered into such annual contracts.

For the foregoing reasons, Defendant has not shown that its assumptions in this respect are reasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07286 JAK (Ex) | Date | April 18, 2016 |
|---|---|---|---|
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | |

      b.   Assumption that 100% of Cellular Costs are at Issue

Based on *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137 (2014), Plaintiff argues that it is not appropriate to include all cellular costs as potential damages. *Cochran* held that "when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them. Whether the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement owed is a reasonable percentage of their cell phone bills." *Id.* at 1140. Plaintiff states that the putative class seeks only "a reasonable percentage of their cell phone bills." From this Plaintiff argues that it is not appropriate to calculate the amount at issue by using 100% of the cellular telephone costs of all putative class members.

Defendant has used the figure of $2,584,117.38 as its estimation of damages relating to monthly cell phone usage. This figure assumes a 100% reimbursement of the costs. If that rate were reduced to 80% (Decl. of Nazanin Tehrani ¶ 2, Dkt. 28-2), the amount at issue would be reduced to $2,067,293.80.

Plaintiff argues that the 100% restitution rate fails for the same reason the 100% violation rate failed in *Ibarra.* There, the defendant "relied on an assumption about the rate of its alleged labor law violations that was not grounded in real evidence." 775 F.3d at 1199. *See also Leos v. Fed. Express Corp.*, 2014 U.S. Dist. LEXIS 80162, 14 (C.D. Cal. June 10, 2014) ("Parties may not rely on the assumption that the 100-percent violation rule applies without supporting the assumption with evidence."); *Emmons v. Quest Diagnostics Clinical Labs., Inc.,* 2014 U.S. Dist. LEXIS 18024, 15 (E.D. Cal. Feb. 11, 2014) (Courts have "rejected the unsupported use of 100% maximum violation rates"); *Weston v. Helmerich & Payne Int'l Drilling Co.*, 2013 U.S. Dist. LEXIS 132930, 13 (E.D. Cal. Sept. 16, 2013) ("[The] Ninth Circuit appears to have disavowed the use of a 100% violation rate."). Plaintiff argues that the Court should thus look at more than just the Complaint to determine if the 100% rate is reasonable, as "*Standard Fire* instructs courts to look beyond the complaint to determine whether the putative class action meets the jurisdictional requirements." *Rodriguez,* 728 F.3d at 981.

Defendant responds that the 100% restitution rate is appropriate, because the Complaint does not limit the claim to a reasonable percentage of cellular usage and expenses. Opposition, Dkt. 27 at 12. Instead, it argues that the Complaint alleges that "[a]t all times relevant hereto, Macy's required every Sales Manager to own and maintain a cell phone in order to be available to take work related calls *24 hours per day and 7 days per week.*" Complaint ¶ 27, Dkt. 1-1 (emphasis added).

Defendant did not meet its burden of justifying its assumption that the putative class would seek reimbursement of 100% of the costs associated with their usage of personal cell phones. *Cochran* holds that "when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them. Whether the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement owed is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07286 JAK (Ex) | Date | April 18, 2016 |
|---|---|---|---|
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | |

reasonable percentage of their cell phone bills." 228 Cal. App. 4th at 1140. Defendant fails to provide evidence supporting its assumption that putative class members used their cell phones 100% for business purposes. Plaintiff provided evidence that such an assumption is not reasonable. Decl. of Nazanin Tehrani ¶ 2, Dkt. 28-2. Defendant may not assume a 100% rate without supporting such an assumption. *See Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) (A defendant may not support removal jurisdiction under CAFA relying on "speculative and self-serving assumptions about key unknown variables"); *Weston v. Helmerich & Payne Inter. Drilling Co.*, No. 1:13-CV-01092-LJO, 2013 WL 5274283, at *5 (E.D. Cal. Sept. 17, 2013) ("Importantly, in *Garibay* the Ninth Circuit appears to have disavowed the use of a 100% violation rate . . . .").

        c.   The Cost of Data Plans for Tablets

Defendant has assumed $1,068,364.64 in damages relating to monthly data service for tablets. This figure is based on an assumed monthly cost of $46.99 for a voice and data plan. Plaintiff responds that the putative class is not seeking such a remedy. Plaintiff contends that tablets cannot use voice plans and that an independent data plan was not necessary for the tablets because Sales Managers used them exclusively within Macy's stores by connecting to their available wireless systems. Decl. of Nazanin Tehrani ¶ 1, Dkt. 28-2. Plaintiff also argues that a separate data plan would be unnecessary because a single data plan could be used for the tablet and cell phone. Based on these positions, Plaintiff contends that Macy's has overstated the amount at issue by approximately $841,005. Plaintiff also repeats the arguments as to the correct number of months that are within the class period. Finally, Plaintiff contends that Defendant has overstated the amount in controversy by assuming the use of a more expensive model of iPad mini -- one that that cannot use cellular data -- but also including the cost of a data plan for such devices. Reply, Dkt. 28 at 22.

Defendant responds that Plaintiff pleads such damages. The Complaint alleges that the putative class has suffered injuries "in the form of amounts expended on purchasing cellular phones, purchasing electronic tablets, and *purchasing service plans* for these devices." Complaint ¶ 38, Dkt. 1-1 (emphasis added). *See also id.* ¶ 35 ("Macy's maintained a uniform policy of refusing to pay for any of the costs associated with electronic tablets that each Sales Manager was required to purchase and *maintain*.") (emphasis added).

Defendant has failed to justify its assumption that all putative class members would require a separate data plan for their tablet computers. Plaintiff has presented evidence that, for business usage, putative class members only operated their tablets in Macy's stores using the in-store Wi-Fi networks. For this reason, no data plans were needed for the tablets. Decl. of Nazanin Tehrani ¶ 1, Dkt. 28-2. Defendant did not put forward any contrary evidence justifying its different assumption.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-07286 JAK (Ex) | Date | April 18, 2016 |
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | |

      d.  Summary

The following table reflects the determinations made in this Order as to the amounts in controversy

| Category | Defendant's Value | Plaintiff's Value | Court's Determination |
|---|---|---|---|
| Cell Phone Service | $2,584,117.38 | $2,028,236.12 | Remove partial months outside liability period, use 80% instead of 100% usage cost: $2,028,236.12 |
| Tablet Purchase | $751,709.00 | $751,709.00 | $751,709.00 |
| Tablet Services | $1,068,364.64 | $227,360 | Tablet Data Plans are Unnecessary; Defendant does not explain what the $227,360 figure represents: 0 |
| Attorneys' Fees | $1,101,047.76 | $761,590.736 | [The Court does not address whether attorneys' fees should be included in the calculation of the amount in controversy] |
| Total | $5,505,238.78 | $3,807,953.63 | $2,779,945.12 (exclusive of attorneys' fees) |

      2.    <u>Attorneys' Fees</u>

Plaintiff argues that only attorney's fees incurred by Plaintiff's counsel as of the date of removal should be included. Plaintiff's counsel states that its fees as of that time were less than $9500. Decl. of Allen Graves ¶ 7, Dkt. 14-2. Plaintiff then notes that Defendant has not provided evidence as to the amount of fees as of the date of removal. However, as Plaintiff acknowledges, and as Judge Morrow noted in *Blevins*, district courts in the Ninth Circuit have reached different conclusions

> as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case. Compare *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 n. 4 (N.D. Cal. 2002) ("While an estimate of the amount in controversy must be made based on facts known at the time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-07286 JAK (Ex) | Date | April 18, 2016 |
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | |

of removal, that does not imply that items such as future income loss, damages, or attorney's fees likely to be incurred cannot be estimated at the time of removal"); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034-35 (N.D. Cal. 2002) ("Such fees necessarily accrue until the action is resolved. Thus, the Ninth Circuit must have anticipated that district courts would project fees beyond removal") with *Dukes v. Twin City Fire Ins. Co.*, No. CV-09-2197-PHX-NVW, 2010 WL 94109, *2 (D. Ariz. Jan. 6, 2010) ("This Court concludes that the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal. Future attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal"); *Green v. Party City Corp.*, No. CV-01-09681 CAS (Ex), 2002 WL 553219, *2 & n. 3 (C.D. Cal. Apr. 9, 2002) (calculating attorneys' fees on the basis "only [of] work done by plaintiff's counsel prior to removal"); *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL 820198, *4 (N.D. Cal. Oct. 4, 1999) ("When estimating attorney's fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal," citing *Miranti v. Lee*, 3 F.3d 925 , 928 (5th Cir. 1993)); *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F.Supp. 1196, 1200 (N.D. Cal. 1998) (declining to consider post-removal events in calculating attorneys' fees for purposes of assessing removal jurisdiction). See also *Giordano v. Park Avenue Life Insurance Co.*, No. CV 09-01405 SJO (FMOx), 2009 WL 1474945, *3 (C.D. Cal. Apr. 7, 2009) ("Where attorneys' fees are to be included in the amount in controversy, 'district courts in this circuit have disagreed [as to] whether attorneys' fees incurred after the date of removal are properly included in the amount in controversy:' some courts refuse to consider attorneys' fees incurred after removal whereas others include a 'reasonable estimate of attorneys['] fees likely to be expended,'" quoting *Burk v. Medical Savings Insurance Co.*, 348 F.Supp.2d 1063, 1068-69 (D. Ariz. 2004) (alterations original)); *Wastier v. Schwan's Consumer Brands*, No. 07CV1594, 2007 WL 4277552, *3 (S.D. Cal. Dec. 5, 2007) ("Defendants' estimate of [p]laintiffs' fees for activities anticipated but not yet performed, even if accurate, may be irrelevant").

*Blevins*, 2015 U.S. Dist. LEXIS 130521, 41-43. "Attorneys' fees are properly included in a calculation of the amount in controversy for diversity jurisdiction purposes." *Blevins*, 2015 U.S. Dist. LEXIS 130521, 39 (citing *Yocupicio v. PAE Group, LLC*, No. 14-8958-GW, 2014 WL 7405445, *6 (C.D. Cal. Dec. 29, 2014) ("The Court would thus include a 25% fee award in its amount-in-controversy calculation" in a wage and hour class action), *rev'd on other grounds*, 795 F.3d 1057 (9th Cir. 2015); *Galt v. Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy").

Plaintiff contends that there is "unanimity of Central District authority that limits attorney's fees to those incurred prior to removal." Reply, Dkt. 28 at 27 (citing *Green v. Party City Corp.*, 2002 U.S. Dist. LEXIS 7750, 7 (C.D. Cal. Apr. 9, 2002) ("attorneys' fees are calculated at the time of removal for purposes of diversity jurisdiction"); *Kidner v. P.F. Chang's China Bistro, Inc.*, 2015

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-07286 JAK (Ex) | Date | April 18, 2016 |
|---|---|---|---|
| Title | Nazanin Tehrani v. Macys West Stores, Inc., et al. | | |

U.S. Dist. LEXIS 67289, 15-16 (C.D. Cal. May 21, 2015) ("future attorney fees are entirely speculative, may be avoided, and therefore not in controversy at the time of removal."); *Carranza v. Nordstrom, Inc.*, 2014 U.S. Dist. LEXIS 172307, 62 n.99 (C.D. Cal. Dec. 12, 2014) ("only attorneys' fees that have accrued as of the date of removal may be considered in determining whether the jurisdictional amount is at stake."); *Ibrahim v. Marriott Int'l, Inc.*, 2014 U.S. Dist. LEXIS 103008, 3 (C.D. Cal. July 28, 2014) ("The court agrees with the cases finding that attorneys' fees beyond removal are too speculative.")).

Plaintiff argues that "[i]t is impossible to devise any workable 'actuarial' formula for determining the amount of attorney fees that may be reasonably anticipated at the time of at the time of removal. Any attempt to do so must necessarily rely on wholly arbitrary decisions[.]" *Kidner*, 2015 U.S. Dist. LEXIS 67289 at 16 (citations omitted). Plaintiff argues that Defendant's proposed 25% fee award estimate is arbitrary, because courts may adjust this figure upward or downward "to account for any unusual circumstances involved." *In re Brooktree Sec. Litig.*, 915 F. Supp. 193, 196 (S.D. Cal. 1996).

Defendant argues that the Ninth Circuit defines the amount in controversy as "an estimate of the total amount in dispute" (*Lewis*, 627 F.3d at 401) and the "amount at stake in the underlying litigation" (*Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005)). From this, Defendant argues that the amount in controversy should include a reasonable estimate of the amount of attorney's fees that will be sought by Plaintiff's counsel at the conclusion of the action.

The Court need not reach this issue. Thus, even assuming that a reasonable estimate of the amount of attorney's fees that may later be sought is 25% of the claimed damages as of the time of removal, for the reasons stated above (§ II(C)(2), *supra*) those damages total $694,986.30. Applying the 25% rate to this figure would result in a total amount in dispute of $3,474,931. This is below the $5 Million jurisdictional threshold.

### IV. Conclusion

For the reasons stated in this Order, the Motion is **GRANTED**. This case is remanded to the Los Angeles Superior Court at its Stanley Mosk Courthouse. The hearing on Defendant's Motion to Compel Arbitration and Dismiss, or Alternatively, Stay Civil Proceeding, scheduled for April 25, 2016, is vacated, without prejudice to that issue being presented to the Superior Court following remand.

**IT IS SO ORDERED.**

                                                                               : 

Initials of Preparer   ak